# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) MDL No. 2804 |
| | ) |
| | ) Case No. 1:17-md-2804 |
| This document relates to: | ) |
| | ) Judge Dan Aaron Polster |
| *County of Wichita,* | ) |
| *Case No. 7:17-cv-00173, from the U.S.* | ) **SHORT FORM FOR SUPPLEMENTING** |
| *District Court for the Northern District* | ) **COMPLAINT AND AMENDING** |
| *of Texas* | ) **DEFENDANTS AND JURY DEMAND** |
| | ) |
| **ND Ohio Case No. 1:18-op-45064** | ) |

Plaintiff submits this supplemental pleading and Amended Complaint incorporating as if fully set forth herein its own prior pleadings and, if indicated below, the common factual allegations identified and the RICO causes of action included in the Corrected Second Amended Complaint and Jury Demand in the case of *The County of Summit, Ohio, et al., v. Purdue Pharma L.P., et al.,* Case No. 1:18-op-45090 ("*Summit County* Pleadings"), *In Re National Prescription Opiate Litigation,* in the United States District Court for the Northern District of Ohio, Dkt #513, 514[1]), and as may be amended in the future, and any additional claims asserted herein.  Plaintiff also hereby amends its complaint to alter the defendants against which claims are asserted as identified below.  To the extent defendants were previously sued in plaintiff(s)' existing complaint and they are no longer identified as defendants herein, they have been dismissed without prejudice except as limited by CMO-1, Section 6(e).  Doc. #232.

---

[1] Docket #513 is the redacted Summit Second Amended Complaint and Docket #514 is the unredacted Summit Corrected Second Amended Complaint filed under seal in Case No. 1:17-md-02804-DAP.  The redacted Summit Corrected Second Amended Complaint is also filed in its individual docket, Case No. 1:18-op-45090-DAP, Docket #24.

## INCORPORATION BY REFERENCE OF EXISTING COMPLAINT

1. Plaintiff(s)' Existing Complaint (No. 7:17-CV- 00173, Doc. #:5) is expressly incorporated by reference to this Short Form as if fully set forth herein except to the extent that allegations regarding certain defendants that are not listed in section 2 below are dismissed without prejudice.

## PARTIES – DEFENDANTS

2. Having reviewed the relevant ARCOS data, Plaintiff asserts claims against the following Defendants:

Previously named Defendants:

1. Actavis, LLC
2. Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.
3. Allergan PLC f/k/a Actavis PLC
4. Allergan Finance, LLC f/k/a Actavis Inc. f/k/a Watson Pharmaceuticals, Inc.
5. AmerisourceBergen Corporation
6. Cardinal Health, Inc.
7. Cephalon, Inc.
8. Endo Health Soultions Inc.
9. Endo Pharmaceuticals, Inc.
10. Insys Therapeutics, Inc.
11. Janssen Pharmaceutica, Inc. n/k/a Jansseen Pharmaceuticals, Inc.
12. Janssen Pharmaceuticals, Inc.
13. Johnson & Johnson
14. McKesson Corporation
15. Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.
16. Purdue Pharma, Inc.
17. Purdue Pharma, L.P.
18. The Purdue Frederick Company
19. Teva Pharmaceutical Industries, Ltd.
20. Teva Pharmaceuticals USA, Inc.
21. Watson Laboratories, Inc.

Defendants being added based on ARCOS data reviewed:

1. Albertsons LLC
2. Allergan, Inc.
3. CVS Pharmacy, Inc. (CVS)
4. Indivior Inc.
5. Mallinckrodt, LLC
6. Morris & Dickson Co LLC
7. Mylan Pharmaceuticals, Inc.
8. Par Pharmaceutical

   9. Sandoz Inc.
   10. SpecGX LLC
   11. Walgreen Co.
   12. Wal-Mart, Inc.
   13. West-Ward Pharmaceuticals Corp.

To the extent a claim is not asserted against a particular defendant, so indicate below.  Otherwise each claim will be deemed to be asserted against all Defendants (except for the RICO claims identified below).  If Defendants have not been sued previously in Plaintiff(s)' Existing Complaint, Plaintiff must include separate factual allegations below in support of each new defendant and must separately serve each newly named Defendant with notification of the specific ARCOS data that Plaintiffs claim supports the addition of this Defendant pursuant to the Court's Order Setting Procedure for Short Form Amendment of Complaints and Incorporation by Reference of Materials Under Seal].

**I, Brad Altman, Counsel for Plaintiff(s), certify that in identifying all Defendants, I have followed the procedure approved by the Court and reviewed the ARCOS data that I understand to be relevant to Plaintiff(s).**

**I further certify that, except as set forth below, each of the Defendant(s) newly added herein appears in the ARCOS data I reviewed.**

**I understand that for each newly added Defendant not appearing in the ARCOS data I must set forth below factual allegations sufficient to state a claim against any such newly named Defendant that does not appear in the ARCOS data.**

**The following newly added Defendant(s) *do not appear* in the ARCOS data I reviewed:**

   1. Mallinckrodt, LLC

Factual Allegations Regarding Individual Defendants

Mallinckrodt, LLC and SpecGx, LLC (collectively referred to as "Mallinckrodt") and their DEA registrant subsidiaries and affiliates, are or have been in the business of manufacturing, marketing, selling, and distributing opioids throughout the United States, including generic formulations of morphine sulfate, extended release morphine sulfate, fentanyl transdermal, oral transmucosal fentanyl citrate, oxycodone with acetaminophen, hydrocodone bitrartrate and acetaminophen, and others. Mallinckrodt is the largest supplier of opioid pain medications and among the top ten generic pharmaceutical manufacturers in the United States, based on prescriptions.

**Dated:** March 15, 2019          **Signed:**          /s/ Brad Altman

**COMMON FACTUAL ALLEGATIONS**

3. By checking the boxes in this section, Plaintiff hereby incorporates by reference to this document the common factual allegations set forth in the *Summit County* Pleadings as identified in the Court's Order implementing the Short Form procedure. Dkt. # 1282.

☒ Common Factual Allegations (Paragraphs 130 through 670 and 746 through 813)
☒ RICO Marketing Enterprise Common Factual Allegations (Paragraphs 814-848)
☒ RICO Supply Chain Enterprise Common Factual Allegations (Paragraphs 849-877)

4. If additional claims are alleged below that were not pled in Plaintiff's Existing Complaint (other than the RICO claims asserted herein), the facts supporting those allegations must be pleaded here. Plaintiff(s) assert(s) the following additional facts to support the claim(s) identified in Paragraph 6 below (below or attached):

**CLAIMS**

5. The following federal **RICO causes of action** asserted in the *Summit County* Pleadings as identified in the Court's implementing order and any subsequent amendments, Dkt. ## 513, 514 (*Summit County* 2nd *Amended Complaint*) and #1282 (Court's Order implementing Short Form procedure), are incorporated in this Short Form by reference, in addition to the causes of action already asserted in the Plaintiff(s)'s Existing Complaint (check all that apply):

☒ First Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq*. – Opioid Marketing Enterprise (Against Defendants Purdue, Cephalon, Janssen, Endo and Mallinckrodt (the "RICO Marketing Defendants")) (*Summit County* Pleadings, Paragraphs 878-905)

☒ Second Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq*. – Opioid Supply Chain Enterprise (Against Defendants Purdue, Cephalon, Endo, Mallinckrodt, Actavis, McKesson, Cardinal, and AmerisourceBergen (the "RICO Supply Chain Defendants")) (*Summit County* Pleadings, Paragraphs 906-938)

6. Plaintiff asserts the following **additional claims** as indicated (below or attached):

4

To the extent Plaintiff(s) wish(es) to **dismiss claims** previously asserted in Plaintiff(s)'s Existing Complaint, they are identified below and will be dismissed without prejudice.

WHEREFORE, Plaintiff(s) prays for relief as set forth in the *Summit County* Pleadings in *In Re National Prescription Opiate Litigation* in the United States District Court for the Northern District of Ohio, MDL No. 2804 and in Plaintiff's Existing Complaint as has been amended herein.

Dated: March 15, 2019

Respectfully submitted,

| **HARRISON DAVIS STEAKLEY MORRISON JONES, P.C.** | **HALEY & OLSON, P.C.** |
|---|---|
| By: /s/ Zollie C. Steakley | By: /s/ Craig D. Cherry |
| **Zollie C. Steakley** | **Craig D. Cherry** |
| Texas Bar No. 24029848 | Texas Bar No. 24012419 |
| Zollie@TheTrialLawyers.com | Ccherry@haleyolson.com |
| **Matt Morrison** | **Herbert Bristow** |
| Texas Bar No. 24028602 | Texas Bar No. 03020500 |
| Matt@TheTrialLawyers.com | Hbristow@haleyolson.com |
| **Stephen E. Harrison** | **Benjamin Evans** |
| Texas Bar No. 09126800 | Texas Bar No. 24081285 |
| Steve@TheTrialLawyers.com | Bevans@haleyolson.com |
| **Zona Jones** | **Brandon Oates** |
| Texas Bar No. 10887600 | Texas Bar No. 24032921 |
| Zona@TheTrialLawyers.com | Boates@haleyolson.com |
| **Bryan Harrison** | 100 Ritchie Road |
| Texas Bar No. 24062769 | Suite 200 |
| Bryan@TheTrialLawyers.com | Waco, Texas 76712 |
| 5 Ritchie Road | (254) 776-3336 |
| Waco, Texas 76712 | (254) 776-6823 (facsimile) |
| (254) 761-3300 | |
| (254) 761-3301 (facsimile) | |

**ALTMAN LEGAL GROUP**

By: /s/ Brad Altman
**Brad Altman**
State Bar Number: 00796120
brad@altmanlegal.com
**William K. Altman**
State Bar Number: 01122000
bill@altmanlegal.com
2525 Kell Blvd., Suite 500
Wichita Falls, Texas 76308
(940) 761-4000
(940) 766-3327 (facsimile)

**ATTORNEYS FOR WICHITA COUNTY**